Pursuant to Ind.Appellate Rule 65(D),
this Memorandum Decision shall not be
regarded as precedent or cited before
any court except for the purpose of
establishing the defense of res judicata,
collateral estoppel, or the law of the case.



FILED
May 13 2014, 8:46 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**KIMMERLY A. KLEE**
Greenwood, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ANTONIO BEAVEN, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1309-CR-811 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Kurt M. Eisgruber, Judge
Cause No. 49G01-1111-MR-79459

**May 13, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

Antonio Beaven appeals his adjudication as an habitual offender. Beaven raises a single issue for our review, namely, whether the State presented sufficient evidence to support his adjudication as an habitual offender. We affirm.

## FACTS AND PROCEDURAL HISTORY

In November of 2011, Beaven murdered J.T. Following a jury trial in which the jury found him guilty of murder, the trial court adjudicated Beaven an habitual offender. This appeal ensued.

## DISCUSSION AND DECISION

Beaven argues that the State failed to present sufficient evidence to support its allegation that he is an habitual offender. When reviewing a claim of sufficiency of the evidence, we do not reweigh the evidence or judge the credibility of the witnesses. Jones v. State, 783 N.E.2d 1132, 1139 (Ind. 2003). We look only to the probative evidence supporting the judgment and the reasonable inferences that may be drawn from that evidence to determine whether a reasonable trier of fact could conclude the defendant was guilty beyond a reasonable doubt. Id. If there is substantial evidence of probative value to support the conviction, it will not be set aside. Id.

To establish that Beaven was an habitual offender, the State was required to show that Beaven had "accumulated two (2) prior unrelated felony convictions." Ind. Code § 35-50-2-8. "To be 'unrelated,' the defendant must have committed the second felony after being sentenced for the first and must have been sentenced for the second felony

2

prior to committing the current felony . . . ." Walker v. State, 988 N.E.2d 1181, 1186-87 (Ind. Ct. App. 2013), trans. denied.

The State presented sufficient evidence to demonstrate that Beaven is an habitual offender. First, the State demonstrated that Beaven committed Class D felony battery on August 21, 1998, for which he was convicted and sentenced on November 2, 1998. In demonstrating this prior conviction, the State presented the signed and dated report of the arresting officer; the signed and dated charging information, which plainly states that Beaven had been charged with a Class D felony; Beaven's signed and dated plea agreement to the Class D felony allegation; and the court's signed and dated judgment of conviction and sentencing order against Beaven for the Class D felony battery. State's Exhs. 305, 306. Each of these documents had the same cause number. The State also demonstrated that the fingerprint on the arresting officer's report was Beaven's fingerprint. State's Exh. 307.

Second, the State demonstrated that Beaven committed Class B felony robbery on August 16, 1999, for which he was convicted and sentenced on March 3, 2000. In demonstrating this second conviction, which was committed after Beaven had been sentenced for the 1998 Class D felony battery, the State presented the signed and dated report of the arresting officer; the signed and dated charging information, which plainly states that Beaven had been charged with a Class B felony; Beaven's signed plea agreement to the Class B felony allegation; and the court's signed and dated abstract of judgment for the Class B felony robbery, which states that Beaven was convicted and sentenced on March 3, 2000. State's Exhs. 303, 304. Each of these documents had the

same cause number. The State also demonstrated that the fingerprint on the arresting officer's report was Beaven's fingerprint. State's Exh. 307.

In sum, the State presented sufficient evidence to demonstrate that Beaven had two prior unrelated felony convictions and was, therefore, an habitual offender. We affirm the trial court's judgment.

Affirmed.

VAIDIK, C.J., and BROWN, J., concur.